IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:03-cr-101 |
| | ) | |
| GUADALUPE CRUZ | ) | |

## **MEMORANDUM AND ORDER**

This matter is presently before the court on the following *pro se* motions filed by the defendant, Guadalupe Cruz:

(1) Motion for release to half-way house or home confinement [Doc. 957]; and

(2) Motion for release to Community Corrections Center (CCC) custody [Doc. 958].

For the reasons that follow, defendant's motions will be denied for lack of jurisdiction.

The defendant is presently an inmate confined at the Federal Penitentiary in Alderson, West Virginia. This court sentenced the defendant, among other things, to a term of imprisonment of 24 months on September 21, 2005, for conspiracy to distribute and possession with intent to distribute marijuana and

cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), as well as 21 U.S.C. § 846 [*see* Doc. 878].

According to these motions, defendant contends that, pursuant to 18 U.S.C. § 3624(c), she is entitled to be placed in a CCC for the last 180 days of her term of incarceration; however, according to defendant, the Bureau of Prisons (BOP) is only allowing inmates sentenced by courts in the Second, Third, and Eighth Circuits to be placed in a CCC pursuant to BOP policy because judges in those circuits have held, in effect, that the BOP must do so. *See, e.g., Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3rd Cir. 2005). Because the defendant was sentenced by a court in Tennessee, *i.e.*, in the Sixth Circuit, the BOP, according to defendant, does not feel compelled to implement its policy for CCC placement with regard to inmates in this defendant's situation. Thus, defendant claims that she is being discriminated against based solely on the location of her sentencing court. It must be noted too that this court has already indicated in its order filed on August 10, 2006, "that this defendant appears to be an excellent candidate for early release from custody ... [and that] the court strongly recommends to the BOP that it consider this defendant for such release at the appropriate time." [*See* Doc. 947 at pp.1-2]. *See* 18 U.S.C. § 3621(b)(4)(B).

In view of the above, it appears to this court that the defendant has a viable cause of action; however, this court does not have jurisdiction to remedy a situation in which the defendant is challenging the execution or manner in which the sentence is served. *See, e.g., Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Rather, that type of claim should be filed in the court having jurisdiction over the prisoner's custodian pursuant to 28 U.S.C. § 2241. *See id.*

Accordingly, defendant's pending motions [Docs. 957 and 958] are hereby DENIED for lack of jurisdiction. The defendant should file a petition pursuant to 28 U.S.C. § 2241 in the appropriate district court in the State of West Virginia having jurisdiction over her custodian. *See* 28 U.S.C. § 129.

**E N T E R :**

    *s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE

3